Roane J.
The circumstances of this case are less strong against the relief which is asked for, than they were in the case of Picket v. Dotvdall. For, first, the forbearance of Burns in coming forward to complete his title has not been of so long a duration as in that case. Secondly', There is no evidence of an abandonment on the part of Burns of his right to the land. Thirdly, there is no proof here, farther than what is contained in the grant to Curry, that any advertisement had been published by lord Fairfax between the time of Burns's survey, and that made for Curry, requiring all those who had surveys to *160 come forward, and complete their title. This is recited in the grant, and the failure of Barns to comply with the terms of that advertisement, is stated as the cause of the forfeiture. Fourthly, it does not appear that at the time Burns required a grant of the land, and offered to pay the composition and other fees of office, (which time 1 fix to be in or about May 1770,) Curry had paid his composition money, if indeed any was ever paid by him. The grant to Curry was not executed until the 10th of September following. In' this view of the case therefore Burns may be considered as having stood upon better ground on account of his priority of survey, than Curry did, unless by liis own neglect he has lost his right to demand the legal title. It appears by a memorandum of Richard Rigg, that he surveyed Curry’s land by virtue of lord Fairfax’s instructions, there being, as 1 presume, no warrant for that purpose.
This survey was made the 20th of August, 1768, and must be considered as the commencement of Curry’s claim. Between this period and the time of the return of Burns’s survey, (which though not stated, may be presumed to have been shortly after the survey was made, viz. in September 1757,) there had been a lapse of near eleven years, during which time Burns had wholly neglected to come forward and complete his title. The question then is, whether after this delay, and the consequent loss of quit-rents to the proprietor, he had not a right to consider the claim of Burns as forfeited, and to grant the land to another? I will not undertake to say what ought to be considered as a reasonable time to indulge the owner of asurvey in completing his title; perhaps every case ought to stand upon its own particular circumstances: but a delay of eleven years, unaccompanied with any exculpatory circumstances on the part of the grantee, is certainly an unreasonable time.
If a grant had been made to Burns, he would have forfeited his land by the non-payment of quit-rents for the space of three years; by this delay he avoids the payment of them altogether. It was in all cases im *161 porfani to the Proprietor that grants should be taken out within a reasonable time, it is presumable, that it was understood by applicants that this should be the ease; and certainly the spirit of equity does not dictate that a party by not performing his contract shall be in a much better situation, and the other contracting party consequently in a worse, than if the contract had been duly performed as understood by both parties. I put it upon the ground of an implied contract between the Proprietor and the individual applying for bis lands, that the legal fees should not only be paid, but that a title should be obtained within a reasonable time. On the authority of the case of Picket v» Dotodall, the survey for Curry is to be considered as an entry on the part of the Proprietor to take advantage of the forfeiture. This extinguished the interest of Burns, and of course the grant to Curry pursuant thereto cannot be impeached. The Court however will judge in every case, whether a forfeiture had taken place, and if not the entry and subsequent proceedings would be deemed invalid. The Act of 1785, not having declared intermediate grants to be void, they must stand unless they should be adjudged to be so on account of the particular circumstances attending them, and as there are none such in the grant to Curry-I am of opinion, that the decree should be reversed, and the bill dismissed. -
Fleming J. — 'The warrant issued to Burns bears date in 1756, and is surveyed in 1757, but not returned until 1770, at which time, and not before, he tendered the composition, and demanded his grant But a survey had in the mean time, been made for Curry, who in September 1770, obtained a grant
This case, though it differs in some points from that of Picket v. Dowdall, is fully within the influence of the principles there laid down. Burns has certainly forfeited his right by an unreasonable delay in obtaining his grant, and Curry, having in the mean time obtained a legal title to the land, ought to retain it.
*162 The President. — -The principles which decidedly govern this case, were so fully declared in that of Picket v. Dmvdall, that it will be unnecessary to repeat them. It is true, the two cases differ in some points, and that difference, so far as it extends, is in favour of Burns. The laches of Burns in not completing his title, is, in point of time, much less inexcusable than that of Crap. So too the tender of the composition ; differs this case somewhat from that. Yet these points of difference, do not essentially affect: the application of the principles laid down in that case. What ¡nay be considered as a leasonable time for the owner of a survey to complete his title, I will not pretend to say ; But I accord in opinion with the other Judges, that eleven j ears, unaccompanied will: circumstances, is too long.
Both decrees reversed, and the bill dismissed. ([1])

(1.) Countz v. Geiger, 1 Call. 190.